IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 22-cr-161-WJM
(Civil Action No. 24-cv-2684-WJM)

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **JESUS ALFREDO MORENO-OLIVAS,**

       Defendant.

---

### ORDER SETTING EVIDENTIARY HEARING ON HABEAS PETITION

---

Before the Court is Defendant Jesus Alfredo Moreno-Olivas's *pro se* 28 U.S.C. § 2255 Motion, in which he contends, among other things, that his Assistant Federal Public Defender, Stephanie Snyder, provided ineffective assistance of counsel by failing to file a notice of appeal on his behalf.  (*See generally* ECF No. 58.)  The Government responds that Moreno-Olivas's ineffective assistance of counsel claim fails because the Motion does not specifically aver that he asked Snyder to file a notice of appeal; instead, the Government stresses, the Motion only signals that Moreno-Olivas told *the Court* at sentencing that he planned to appeal.  (ECF No. 71.)  "To the extent the court concludes that Moreno-Olivas has sufficiently alleged that he asked his counsel to appeal," however, the Government submits that "the appropriate remedy would be a hearing at which the court would take evidence and determine whether such a request was actually made and disregarded."  (*Id.* at 10 n.3.)

The Court agrees with the Government that Moreno-Olivas primarily asserts throughout his Motion that he "advised *this Court* at sentencing that he wanted to

1

appeal." (ECF No. 71 at 16 (emphasis added).) But Moreno-Olivas also seems to suggest that he may have asked his *defense counsel* to perfect a notice of appeal as well. He says: "Counsel was constitutionally ineffective for failing to perfect Petitioner's *requested notice of appeal* and failing to consult with Petitioner after sentencing concerning the appeal." (*Id.* (emphasis added).) Moreno-Olivas clarifies in his Reply[1] that he "did indeed express his unhappiness with the sentence and his ultimate wish to appeal to counselor Snyder." (ECF No. 80 at 2.)

In such circumstances, Tenth Circuit precedent instructs the Court to resolve this ambiguity and decide as a factual matter "whether [Moreno-Olivas] requested counsel to file a notice of appeal." *U.S. v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005). Failure to do so would constitute error, even though Moreno-Olivas waived his right to a direct appeal in his plea deal. *See id.* ("If Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. . . . This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."); *see also Garza v. Idaho*, 586 U.S. 232, 243 (2019) ("[T]his Court has made clear that when deficient counsel causes the loss of an entire proceeding, it will not bend the presumption-of-prejudice rule simply because a particular defendant seems to have had poor prospects.").

Hence, the Court ORDERS as follows:

1. The Court HEREBY SETS this matter for an evidentiary hearing on **August 22, 2025 at 9:30 am in Courtroom A801.**

---

[1] Although the Court typically does not consider new arguments raised in a Reply brief, the Court does not construe this as a new argument but rather an attempt to clarify the facts Moreno-Olivas already alleged in his Motion.

2. The Court DIRECTS the United States Marshal Service to facilitate Moreno-Olivas's attendance at the hearing **via telephone** from the LOMPOC FCI facility in California; and

3. The Court DIRECTS the Clerk of Court to provide a Spanish-language interpreter for Moreno-Olivas for this hearing, as he states that he "is a Mexican national who cannot speak English." (ECF No. 80 at 2.)

Dated this 1st day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge