IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Criminal Case No. 22-cr-161-WJM
(Civil Action No. 24-cv-2684-WJM)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

**1.   JESUS ALFREDO MORENO-OLIVAS,**

    Defendant-Petitioner.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MORENO-OLIVAS'S HABEAS PETITION**

---

Before the Court is Defendant-Movant Jesus Alfredo Moreno-Olivas's *pro se* 28 U.S.C. § 2255 motion ("Motion"). (ECF No. 58.) The Motion is fully briefed. (ECF Nos. 71, 80.) For the following reasons, the Motion is granted in part and denied in part.

In May 2023, Moreno-Olivas pleaded guilty to (1) possessing with intent to distribute more than 500 grams of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and (2) using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 33.) In January 2024, the Court sentenced him to 210 months in prison and five years of supervised release. (ECF No. 56.)

Moreno-Olivas now moves for habeas relief, alleging ineffective assistance of counsel on the ground[1] that his defense counsel failed to consult with him after

---

[1] To the extent Moreno-Olivas also contends his counsel was ineffective by convincing him to enter the plea agreement, the Court rejects this contention because it is conclusory. *Martinez v. Sw. Cheese Co., L.L.C.*, 2014 WL 12656555, at *2 n.1 (D.N.M. June 6, 2014).

1

sentencing and file a notice of appeal on his behalf, despite him asking her to do so. (ECF No. 58 at 17.) He also contends "that the Government fail[ed] to prove" the elements of his section 924(c)(1)(A)(i) conviction because it charged him "for merely storing a firearm near drugs or proceeds not reasonably distinguishable." (*Id.* at 10.)

The Court grants the Motion to the extent Moreno-Olivas seeks to file an out-of-time direct appeal. "[A] lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable." *U.S. v. Garrett*, 402 F.3d 1262, 1267 (10th Cir. 2005). Moreno-Olivas seems to suggest in the Motion that defense counsel did just that: "Counsel was constitutionally ineffective for failing to perfect Petitioner's *requested notice of appeal* and failing to consult with Petitioner after sentencing concerning the appeal." (*Id.* (emphasis added).) And to the extent that this language is somewhat ambiguous as to whether he specifically asked *his defense counsel* to file a notice of appeal, he clarifies in his Reply that he "did indeed express his unhappiness with the sentence and his ultimate wish to appeal *to counselor Snyder*." (ECF No. 80 at 2 (emphasis added).)

The Government contests that Moreno-Olivas specifically avers in the Motion that he asked his counsel to file a notice of appeal for him. (ECF No. 71.) By its reading of the Motion, Moreno-Olivas merely avers that he signaled his intent to appeal to *the Court* at sentencing. (*Id.*) Yet the Government concedes that Moreno-Olivas should nevertheless be permitted to file a late notice of appeal without the need for the Court to hold an evidentiary hearing to resolve as a factual matter whether he so asked his defense counsel. (ECF No. 91.)

Given this concession, the Court grants Moreno-Olivas's request to file a delayed

notice of appeal.  Importantly, the Tenth Circuit and United States Supreme Court have held in similar circumstances that a defendant is entitled to file a tardy direct appeal even where, as here, the defendant has waived their right to appeal via the terms of their plea agreement.  *See id.* ("If Mr. Garrett actually asked counsel to perfect an appeal, and counsel ignored the request, he will be entitled to a delayed appeal. . . . This is true regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit."); *see also Garza v. Idaho*, 586 U.S. 232, 243 (2019) ("[T]his Court has made clear that when deficient counsel causes the loss of an entire proceeding, it will not bend the presumption-of-prejudice rule simply because a particular defendant seems to have had poor prospects.").

The Court denies the Motion, however, to the extent Moreno-Olivas challenges his section 924(c)(1)(A)(i) conviction.  First, the challenge is conclusory (*i.e.*, it is supported by no factual averments whatsoever).  *See Martinez v. Sw. Cheese Co., L.L.C.*, 2014 WL 12656555, at *2 (D.N.M. June 6, 2014) ("The Court will not consider such conclusory and unsupported contentions.").  And second, Moreno-Olivas waived the challenge in his plea agreement.  (*See* ECF No. 33 at 3 (waiving his "right to challenge this prosecution, conviction, or sentence . . . in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).")

In sum, the Court Orders as follows:

1. The Motion is GRANTED IN PART AND DENIED IN PART (ECF No. 58);
2. Moreno-Olivas is granted leave to file a delayed notice of direct appeal by no later than **September 19, 2025**;
3. Each party shall bear their own court costs; and

4. Judgment shall enter in accordance with this Order and the Clerk shall terminate this action.

Dated this 20th day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge